# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        **Plaintiff,**<br><br>vs.<br><br>**TERRY RANDAL COX,**<br><br>        **Defendant.** | **MEMORANDUM DECISION AND ORDER GRANTING WITHDRAWAL OF GUILTY PLEA AND ORDER OF RECUSAL**<br><br>Case No. 2:10CR61<br><br>(Reassigned to Judge Dee Benson) |

        This matter is before the court on Defendant Terry Randal Cox's Motion to Withdraw Plea of Guilty. The motion became fully briefed with the filing of Defendant's reply in support of his motion on April 4, 2011. The court does not believe that a hearing would significantly aid in its determination of the motion. Accordingly, the court enters the following Memorandum Decision and Order based on the memoranda submitted by the partes as well as the law and facts relevant to the pending motion.

        On November 24, 2010, Defendant entered a guilty plea as to Counts 4 through 7 of the Indictment. The court engaged in a detailed plea colloquy with Defendant and accepted Defendant's guilty plea. A Statement in Advance of Plea was executed and filed in open court. The court set the matter for sentencing on February 4, 2011. On February 2, 2011, Defendant moved to continue his sentencing, and the court moved his sentencing to March 31, 2011.

        On February 22, 2011, the court received a pro se letter from Defendant stating that he

wanted new counsel and raising concerns regarding the plea Defendant entered. As a result of Defendant's letter, Chief Magistrate Judge Nuffer held a hearing at which Defendant's counsel informed the court that the main issue was the withdrawal of Defendant's guilty plea and that Defendant was requesting defense counsel to stay on the case. Chief Magistrate Nuffer took the motion for counsel to withdraw under advisement and directed defense counsel to formally file a motion to withdraw Defendant's guilty plea. Defendant formally filed the present Motion to Withdraw Plea of Guilty on March 9, 2011. The court vacated Defendant's sentencing hearing, scheduled for March 31, 2011, because Defendant's Motion to Withdraw Plea of Guilty was still being briefed on that date.

Under Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, after the court accepts a guilty plea but before the court imposes sentence, "[a] defendant may withdraw a plea of guilty . . . if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P 11(d)(2)(B). The burden is on the defendant to show a "fair and just reason." *United States v. Rhodes*, 913 F.2d 839, 845 (10th Cir. 1990). Although "the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality," it remains "within the sound discretion of the trial court to determine what circumstances justify granting such a motion." *United States v. Hickok*, 907 F.2d 983, 986 (10th Cir. 1990).

In determining whether the defendant has demonstrated "a fair and just reason," courts consider the following factors: (1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of

the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) whether the granting of the motion would cause a waste of judicial resources." *United States v. Black*, 201 F.3d 1296, 1299-1300 (10th Cir. 2000).

In this case, there was no significant delay in Defendant's filing of his motion that can be attributed to Defendant. Defendant wrote his first letter indicating his complaints on February 12, 2011, which was only two and a half months after the change of plea hearing. Moreover, Defendant states that he was not aware of the grounds for bringing such a motion before that time. In addition, given the timing of the motion, the court does not believe that allowing Defendant to withdraw his plea would cause significant prejudice to the government or significantly inconvenience the court.

Substantively, Defendant asserts that when he entered the plea agreement, he was unaware that he could determine which witnesses to subpoena and which expert witnesses to employ. Defendant's assertions throughout his letters submitted on this motion show that he has a basic misunderstanding of the role of his counsel. While Defendant's counsel is tasked with evaluating all the evidence and determining which witnesses and evidence are relevant to the defense's strategy, Defendant appears to believe that his counsel should take direction from him. Defendant appears to believe that he alone is in charge of fashioning a defense strategy and that his attorney should subpoena any witness Defendant tells him to subpoena and engage any expert Defendant believes should be engaged. The assertions throughout Defendant's letters indicate to the court that there was not a good working relationship between Defendant and his counsel at the time of the plea negotiations. The court notes that it has no concerns with the quality of Defendant's representation. The court, however, is concerned that there were misunderstandings

3

or miscommunications between Defendant and his counsel. Such problems raise the question of whether Defendant's plea was knowing and voluntary. The court, therefore, finds that the apparent breakdown in Defendant's communication with his counsel supports a withdrawal of his guilty plea.

The court, however, has reservations in granting this motion because Defendant has not asserted his innocence and allowing Defendant to withdraw his guilty plea may ultimately cause a waste of judicial resources. Defendant's recent decision to proceed *pro se* seems to demonstrate a potential inability to take the advice of any competent counsel. And, while Defendant may subpoena witnesses on his behalf, any experts sought to support his defense must be approved of by the court if he wants the experts paid for by the government. The court strongly urges Defendant to accept new representation rather than proceed *pro se*. While the court has reservations in granting this motion, it nonetheless believes that considering the motion with liberality, as this court must, there is a fair and just reason for allowing Defendant to withdraw his guilty plea.

For the above stated reasons, Defendant's Motion to Withdraw Plea of Guilty is GRANTED. I also finds that I, the undersigned judge, should recuse myself from this case and allow all further proceedings to occur before another judge in this district. Accordingly, the court asks that the appropriate assignment card equalization be drawn by the clerk's office.

DATED this 7th day of April, 2011.

_____
DALE A. KIMBALL
United States District Judge